### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | |
| | **:** | |
| **v.** | **:** | **Criminal No. 07-cr-21** |
| | **:** | |
| **JOHN A. BAGGETT** | **:** | |
| | **:** | |
| **Defendant** | **:** | |

### GOVERNMENT'S MOTION FOR SECTION 5K1.1 DOWNWARD DEPARTURE AND MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the Fraud Section of the Criminal Division of the United States Department of Justice, hereby submits its motion for a downward departure pursuant to U.S.S.G. section 5K1.1, together with its memorandum in aid of sentencing. The defendant accepted responsibility for his actions prior to the grand jury returning an indictment and entered a plea to one count of conspiracy to violate the Commodity Exchange Act, 7 U.S.C. § 13(a)(2), in violation of 18 U.S.C. § 371. The Presentence Investigation Report (PSR) correctly calculates defendant's offense level under the 2002 United States Sentencing Guidelines at 12. For the reasons set forth herein, the defendant's substantial assistance to law enforcement in this investigation merits a four level downward departure.

I. **Argument**

The government moves for a four level downward departure under U.S.S.G. section 5K1.1. Defendant Baggett provided substantial assistance to the government during its criminal investigation of his former employer, AEP, and his co-conspirators, Joseph Foley and Michael Hoover, including:

(1) On two occasions in February and March 2003, at the beginning of the government's investigation into false reporting of natural gas trades at AEP, the defendant met with the FBI and lawyers from the Department of Justice, the Commodities Futures Trading Commission and the Federal Energy Regulatory Commission. During these lengthy interviews, the defendant was truthful and forthcoming about his actions and the actions of his colleagues at AEP with respect to the false reporting of natural gas trading information to *Gas Daily* and *IFERC*. In particular, the defendant provided important information concerning the "Joemama" file, a file created by the defendant at the direction of his co-conspirator and supervisor Foley, that informed AEPES traders how to fabricate trade information reported to *IFERC* in order to benefit the Gulf Desk or AEP's trading positions. As a result of this and other interviews, the FBI and the Fraud Section were able to advance and better focus their investigation of AEP. The information Mr. Baggett provided in 2003 assisted the Department of Justice in obtaining a deferred prosecution agreement from AEPES in February 2005, in which AEPES admitted false reporting by its Gulf Desk traders and others, and agreed to pay a $30 million criminal penalty;

(2) Following his execution of a written plea agreement, defendant Baggett met again with the FBI and lawyers from the Fraud Section in order to cooperate against his remaining co-conspirator and former supervisor, Foley. Mr. Baggett traveled to Washington, DC to meet with the prosecutors and the agents in January 2007, and provided truthful, comprehensive and timely information to assist in the investigation of Foley and preparation for the Grand Jury. The defendant accurately reiterated the information he had provided in 2003 and provided additional information about Foley's knowledge and participation in the false reporting scheme. Specifically, the defendant

provided evidence of Mr. Foley's role in false reporting to Gas Daily, a topic about which Foley had denied knowledge; and

(3) As a result of the defendant's timely entry of a plea and cooperation, together with the guilty plea of his co-conspirator Michael Hoover, Foley ultimately entered into a plea agreement and admitted his participation in a conspiracy to report false trading information while heading the Gulf Desk at AEP. Prior to the defendant and Hoover's entry of a plea and cooperation, Foley had refused to admit his culpability or acknowledge the extent of his involvement in the false reporting conspiracy. Further, Foley had never engaged in any plea discussions with the government. Based on conversations with counsel, the government learned that the defendant and Hoover's timely entry of a plea and their willingness to testify against Foley at trial played a major role in influencing Foley's decision to forego indictment and enter a plea of guilty. The defendant's plea and post-plea cooperation was pivotal in the government's ability to secure a guilty plea from Foley, the last target in this case, and avoid having to try the matter.

When weighing what sentence is reasonable and appropriate in the defendant's case, there are several factors that merit consideration. Foley – not defendant Baggett – was the principal actor in this scheme. The defendant furthered the conspiracy at Foley's instruction and received little, if any, personal or financial benefit as a result of his role in the false reporting. None of this minimizes the severity of the defendant's misconduct in this case but rather puts this misconduct in the proper perspective. Defendant Baggett is currently at an offense level 12. A four level reduction, together with the fact that the defendant has a criminal history category of 1, would make him eligible for a probationary sentence under the Guidelines. This is a reasonable sentence under the circumstances.

II. **Restitution**

The government agrees with probation that restitution is not an issue in this case because there are no readily identifiable victims.

III. **Conclusion**

For the reasons set forth herein, the government requests a four level downward departure pursuant to U.S.S.G. section 5K1.1 as a result of the defendant's substantial assistance to law enforcement in this investigation.

Respectfully submitted,

STEVEN A. TYRRELL
CHIEF, FRAUD SECTION

By: _____
ROBERTSON PARK
AMANDA RIEDEL
TRIAL ATTORNEYS
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Ave., N.W.
Washington, D.C. 20530
(202) 514-4335, (202) 514-0930

<u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that a copy of the foregoing was served by ECF filing upon the following counsel of record:

David Schertler, Esquire.

this _____ day of April, 2007

_____

_____ AMANDA L. RIEDEL
TRIAL ATTORNEY